needs, no civil action can be maintained. Judge COOLEY says in the *Toolan Case*, 37 Mich. 154: "In planning a public work a municipal corporation must determine for itself to what extent it will guard against possible accidents. Courts and juries are not to say it shall be punished in damages for not giving to the public more complete protection, for * * * that would be to take the administration of municipal affairs out of the hands to which it has been intrusted by law." It is perfectly clear in this case that no human foresight could ever have anticipated such an accident as is here claimed. The city authorities had never paved or flagged the sidewalk, and in that regard had never invited the public to use it, except at their own risk. The authorities had never planned to make a sidewalk for travel, and any one attempting to use it took the risk of accident, unless there was some dangerous hole or obstruction which had been placed there since the sidewalk was constructed so far as planned. The notch where plaintiff claims he was injured was not at a crossing, and it is a most remarkable coincidence (not to say unreasonable) that the plaintiff should cross the street at this precise spot, and happen to put his foot in that particular notch in the curb-stone. Applying the rule before laid down, it does not seem to us that the plaintiff established a want of reasonable care on the part of the defendant. It was really such a defect as would not be liable to be in that locality, and one which no reasonable man would ever suppose would be likely to result in injury to any one. We think the judgment ought to be reversed, and new trial ordered; costs to abide event. All concur.

---

### REED *v.* CHILSON *et al.*

(*Supreme Court, General Term, Fifth Department.* October 23, 1891.)

1. JURISDICTION—DENIAL BY ANSWER.
   In an action between non-residents on a judgment of another state, defendants appeared generally by an attorney, who served a notice of retainer. Thereafter defendants filed answer, among other things denying the jurisdiction of the court. *Held*, that the court having jurisdiction of the subject-matter, and a general appearance being declared by Code Civil Proc. § 424, equivalent to personal service of the summons, the court had jurisdiction which could not be affected by the denial of the answer. *Hamburger* v. *Baker*, 35 Hun, 455, disapproved.

2. SUPPLEMENTAL ANSWER—FOREIGN JUDGMENT.
   The fact that subsequent to service of answer judgment was rendered on the same cause of action in another state should be taken advantage of by supplemental answer.

3. STATUTE OF LIMITATIONS—ACTION ON JUDGMENT.
   In an action on a foreign judgment, the claim cannot be raised that the cause of action on which that judgment was rendered was barred by the statute.

4. JURISDICTION—NON-RESIDENTS.
   Though all the parties to an action on a foreign judgment are non-residents, still it appearing that defendants have no property in the other state, and there being reason to believe that in this state they have some interest in property which can be reached only by a judgment creditor's action, the case should be entertained.

Appeal from circuit court, Monroe county.

Action by De Witt C. Reed against Nathaniel Chilson and Chester Chilson on a judgment of another state. Judgment for plaintiff, and defendants appeal. Affirmed.

Mr. Justice RUMSEY delivered the following opinion at circuit:

"The plaintiff and the defendant Chester Chilson reside in Michigan, and the defendant Nathaniel Chilson resides in North Dakota. The action is brought upon a judgment recovered by the plaintiff against the defendants in a court of the state of Michigan on the 9th day of August, 1887. The summons in this action was served by publication, and no attachment has been levied upon property of the defendants within the state. After the service by publication, the defendants appeared generally in the action by an attorney of this court, who served a notice of retainer. About three months afterwards answers

were served setting up several defenses, among which was one denying the jurisdiction of the court, and this answer raises the serious question in the case. The Code provides that a general appearance is equivalent to personal service of the summons upon defendant. Code Civil Proc. § 424. It has always been held that, where a court has jurisdiction of the subject-matter of the action, a voluntary appearance gave jurisdiction to make a valid adjudication upon the rights involved in the action. *Jones* v. *Jones,* 108 N. Y. 415–425, 15 N. E. Rep. 707; *Olcott* v. *Maclean,* 73 N. Y. 223. There are cases where the court has no jurisdiction of the subject-matter, in which an appearance does not give jurisdiction. But in all such cases the fault was that the court in which the appearance was made had no power to hear and decide the particular case because of some other reason than that the defendant had not been properly brought into court. They are all cases where the court had no jurisdiction of the cause. *Burckle* v. *Eckhart,* 3 N. Y. 132; *Landers* v. *Railroad Co.,* 53 N. Y. 450; *Wheelock* v. *Lee,* 74 N. Y. 495; *Perkins* v. *Perkins,* 7 Conn. 558. With the exception of cases of that kind, it is believed that the rule is invariable that a general appearance in a court of general jurisdiction, having jurisdiction of the subject-matter, confers jurisdiction completely of the particular case. In this case the action was on contract, of which the court had jurisdiction, although the parties were non-residents. *Burdick* v. *Freeman,* 120 N. Y. 420, 24 N. E. Rep. 949. When the notice of appearance was served on the 30th of January, 1890, the court acquired the same jurisdiction as though personal service of the summons had been made within the state, because the Code thus prescribes. No other authority need be cited, but other authority is nevertheless abundant. *Olcott* v. *Maclean,* 73 N. Y. 223; *Carroll* v. *Lee,* 3 Gill. & J. 504; *Jones* v. *Jones,* 108 N. Y. 415, 15 N. E. Rep. 707. From the time of that service then the court had full jurisdiction in the case. It hardly needs the citation of authority to show that the jurisdiction thus vested was not divested by the subsequent service of an answer denying the jurisdiction of the court. That would seem to be a self-evident proposition, and it has so been held. *Palmer* v. *Insurance Co.,* 10 Wkly. Dig. 179. When the general appearance was served the court either acquired jurisdiction or it did not. If it did, from that time it had the power and authority to make a valid adjudication, such as the facts required. That power having once been acquired, its existence cannot afterwards be questioned in the action. *Carpentier* v. *Minturn,* 65 Barb. 293. This case, like the one last cited, was decided by the general term of the first department. So much time would not have been occupied on this subject but for the case of *Hamburger* v. *Baker,* 35 Hun, 455, in which it is held that, where the defendant appears generally by answer, he may still raise the question of jurisdiction. In that case the appearance was made by the service of an answer, which the Code says is a general appearance. It differs from the two cases last cited for the reason that in those cases the answer denying the jurisdiction was served some time after the notice of retainer. But I do not think that difference affects the principle. The appearance consists in the service of the answer, and the contents of the answer cannot change the effect produced by its service which is prescribed by the Code. It will be noticed that the *Hamburger Case* pays no attention to section 424 of the Code. No cases are cited to sustain the decision. I have looked carefully, and can find but two in which the precise question was presented, and in each of those cases the decision was just the other way from that in the *Hamburger Case.* *Olcott* v. *Maclean,* 73 N. Y. 223; *Carroll* v. *Lee,* 22 Amer. Dec. 350. In the case of *Wheelock* v. *Lee,* and the others cited above, in which the objection to the jurisdiction was sustained after the entry of a general appearance, the ruling was put upon the ground that the want of jurisdiction was not because the defendants were not properly in court, but because the court had no power to determine the matter submitted to it. In each of those cases it was assumed that if there had been ju-

risdiction over the subject-matter the appearance would have given complete power over the person, notwithstanding the plea. I do not think the case of *Hamburger* v. *Baker* was correctly decided, and it should not be followed. My conclusion is that the court has jurisdiction of this action. The defense of a former judgment in this state is not available, for the reason that there was clearly no jurisdiction to render it. There was no personal or other service in this state, no appearance, and no levy of an attachment. *Pennoyer* v. *Neff*, 95 U. S. 714; *McKinney* v. *Collins*, 88 N. Y. 216. The pendency of the action in the court of Michigan was no defense. *Williams* v. *Ayrault*, 31 Barb. 364. If advantage was desired to be taken of the fact that judgment had been recovered in that suit after the answer had been interposed in this, it should have been pleaded by supplemental answer. The plea of the statute of limitations cannot succeed here. The judgment sued on was entered in 1887. If the statute had run against the right to enter judgment for deficiency, it should have been pleaded in Michigan, for that plea is only matter of defense, which must be set up. It seems from the opinion of Judge HOOKER in the judgment roll that the statute was pleaded in that court, and the decision was against defendants. A question has arisen in my mind whether, as all these parties are non-residents, the court should not, in its discretion, refuse to entertain the action. But I have concluded that the case should proceed to judgment. It appears that the defendants have no property in Michigan and that an execution on the judgment has been returned unsatisfied in that state. There is reason to believe from the evidence that they may have some interest in property in this state, which can be reached, if at all, only by a judgment creditor's action. No such action can be brought, unless judgment has been recovered, and execution issued and returned unsatisfied. That such step may be taken, it is proper to order judgment in this action."

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*Myron H. Peck, Jr.*, for appellants. *Edwin McKnight*, for respondent.

PER CURIAM. The judgment should be affirmed, with costs against appellants, upon the opinion of Justice RUMSEY at circuit.

---

### BEAVER *v.* BEAVER *et al.*

(*Supreme Court, General Term, Third Department.* November 30, 1891.)

GIFTS INTER VIVOS—DEPOSIT IN BANK—RETENTION OF PASS-BOOK.
Where a father, who has deposited money in bank in the name of his infant son, intending thereby to give it to him, retains possession and control of the pass-book, there is no gift. Per LANDON, J., dissenting. Beaver v. Beaver, 22 N. E. Rep. 940, 117 N. Y. 421, followed.

For majority opinion, see 16 N. Y. Supp. 476.

LANDON, J., (*dissenting.*) Upon the facts as now found I think the trial court was obliged by the opinion of the court of appeals upon its review of the former trial, 117 N. Y. 421, 22 N. E. Rep. 940, to find in favor of the defendants. The court of appeals said, page 429, 117 N. Y., and page 942, 22 N. E. Rep.: "We are of opinion that there are lacking in this case two of the essential elements to constitute a gift by John O. Beaver to his son of the money deposited July 5, 1866, viz., an intent to give, and a delivery of the subject of the alleged gift." The plaintiff, upon this trial, has supplied the evidence of the intent to give, but no advance whatever has been made in supplying evidence of the delivery of the subject of the alleged gift. All the facts cited by the court of appeals in its opinion, page 432, 117 N. Y., and page 940, 22 N. E. Rep., to show that there was no proof of delivery, are unchanged. The learned counsel for the plaintiff now earnestly contends that